# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA J. SECHRIST, | : | No. 4:16-CV-01475 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| NANCY A. BERRYHILL,[1] | : | (Magistrate Judge Carlson) |
| *Commissioner of the* *Social Security Administration* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### NOVEMBER 6, 2017

Plaintiff, Debra J. Sechrist, filed a complaint on July 19, 2016, naming as Defendant Carolyn W. Colvin, then Acting Commissioner of the Social Security Administration.[2] Because Plaintiff Sechrist ("Plaintiff") sought judicial review of the Commissioner's ("Commissioner") final decision, this matter was referred to Magistrate Judge Martin C. Carlson for the preparation and recommended disposition under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

---

[1] The Complaint (ECF No. 1) correctly named Carolyn W. Colvin as Defendant, as she was the Acting Commissioner of the Social Security Administration at the time it was filed. As of January 23, 2017, Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill shall be substituted for Carolyn W. Colvin as Defendant in this matter.

[2] As noted in Footnote 1, Nancy A. Berryhill shall replace Carolyn W. Colvin as Defendant in this matter.

For the reasons that follow, Magistrate Judge Carlson's Report and Recommendation is adopted in full, and final judgment is entered against Plaintiff.

## I. BACKGROUND

Magistrate Judge Carlson's comprehensive disposition of May 17, 2017,[3] recommended that the Commissioner's decision be affirmed, and that Plaintiff's request for benefits under Title II be denied.[4] Because I write for the parties, I will conserve judicial resources, not rehash Magistrate Judge Carlson's Report and Recommendation, and will only address Plaintiff's objections.

## II. LAW

### a. Standard of Review

When considering a social security appeal, the Court has plenary review of all legal issues decided by the Commissioner.[5] However, my review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence."[6] The factual findings of the Commissioner, "if supported by substantial evidence, shall be conclusive. . . ."[7] "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might

---

[3] *See* ECF No. 15.
[4] *Id.* at 21.
[5] *See Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).
[6] *Poulos*, 474 F.3d at 91.
[7] 42 U.S.C. § 405(g).

accept as adequate to support a conclusion."[8] Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance.[9] "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] The United States Court of Appeals for the Third Circuit has stated:

> [O]ur decisions make clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.[11]

Therefore, a court reviewing the Commissioner's decision must scrutinize the record as a whole.[12]

### b. Objections to a Report and Recommendation

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact

---

[8] *Johnson*, 529 F.3d at 200 (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)) (internal quotations and citations omitted).
[9] *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).
[10] *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (citing *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citations omitted)).
[11] *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983); *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986)).
[12] *Id.* (citing *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

and recommendations."[13] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[14] When such objections are filed timely, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[15] Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[16]

For portions of the Report and Recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[17] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[18]

---

[13] 28 U.S.C. § 636(b)(1)(B).
[14] 28 U.S.C. § 636(b)(1).
[15] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011)
[16] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2011) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).
[17] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation)).
[18] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III. ANALYSIS

Plaintiff's primary objection to Magistrate Judge Carlson's Report and Recommendation pertains to the Administrative Law Judge's ("ALJ") assessment of Plaintiff's permitted exposure to pulmonary irritants.[19] Specifically, Plaintiff contends that the ALJ erred by giving the medical evaluations of Rosemary Wiegand, M.D., Plaintiff's treating physician, less weight than the medical opinion of Catherine Smith, M.D., a non-examining State agency reviewing physician.[20] Plaintiff also argues that the ALJ did not properly consider Dr. Wiegand's handwritten restriction: "No exposure to fumes, exhaust, strong perfumes, [or] solvents."[21]

Having considered the Plaintiff's arguments, in conjunction with Magistrate Judge Carlson's Report and Recommendation and the Commissioner's responding Brief, I find Plaintiff's objections without merit. The ALJ based her decision on substantial evidence, and I accordingly adopt in full Magistrate Judge Carlson's Report and Recommendation. My reasoning for this conclusion follows.

### a. The ALJ did not commit reversible error in according greater weight to Dr. Smith than Dr. Wiegand.

Plaintiff objects to the ALJ according less weight to her treating physician, Dr. Rosemary Wiegand, than to non-examining State agency physician, Dr.

---

[19] ECF No. 19, at 2.
[20] ECF No. 17, at 2.
[21] *Id.*

Catherine Smith.[22] The ALJ accorded more weight to Dr. Smith's medical opinion evidence than Dr. Wiegand's "because it [was] consistent with the clinical evidence and the [Plaintiff's] treatment history."[23]

When, as here, "a conflict in the [medical] evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason."[24] "The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."[25] While Dr. Wiegand, Plaintiff's treating physician, "should be accorded great weight," an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."[26]

Reviewing the treatment records for the relative period, the ALJ found that Plaintiff was generally stable "with some episodes of treatment of exacerbation."[27] The ALJ also found that the treatment records indicated Plaintiff's increased asthma symptoms correlated with seasonal allergies, but that her "lungs were clear to auscultation and her respiratory effort was normal."[28] During another instance of asthma symptom exacerbation, the treatment records show Plaintiff was given a steroid taper, but then received "no significant follow up treatment" and that she

---

[22] *Id*.
[23] ECF No. 10-2, at 20.
[24] *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999) (internal quotation marks omitted).
[25] *Id.*
[26] *Id.*
[27] ECF No. 10-2, at 19.
[28] *Id.*

only needed her rescue inhaler "one to two times a week."[29] While Plaintiff later experienced an "upper respiratory infection/sinusitis symptoms associated with her asthma," she was treated with an "anti-biotic and steroid medication."[30] After being given this medication, the treatment records indicate that Plaintiff was neither hospitalized nor received "significant follow-up treatment."[31]

The ALJ noted that Plaintiff was hospitalized on May 13, 2014, for exacerbated asthma symptoms.[32] The treatment records, however, show Plaintiff's conditions improved once she "was given medication and nebulizer treatments."[33] The hospital discharged Plaintiff because her lungs were clear as to auscultation.[34] While Plaintiff saw her primary doctor for treatment of cold symptoms a few months later, the physical examination showed "normal respiratory effort and auscultation."[35] The ALJ noted all of these treatment records before assigning weight to the various medical opinions.

Basing her decision on the clinical evidence together with the treatment history, the ALJ accorded greater weight to the medical opinion of Dr. Smith than to that of Dr. Wiegand. Specifically, the ALJ noted that Dr. Wiegand opined Plaintiff "should have no exposure to fumes, exhaust, strong perfumes, or

---

[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*

solvents."[36] The ALJ found this opinion to be inconsistent with the clinical evidence and treatment history, which only indicated Plaintiff had an increase in respiratory issues "during times of bronchitis or asthma exacerbation."[37] The ALJ found that these increased times of respiratory issues "occurred infrequently within the relative time period and only once required hospital treatment."[38] Moreover, the ALJ noted that Dr. Wiegand is Plaintiff's primary care doctor, but is not a pulmonary specialist.[39] Despite according little weight to Dr. Wiegand's medical opinion, the ALJ acknowledged that Plaintiff does require "some level of limitation regarding her exposure to things that would exacerbate her asthma."[40]

In contrast, the ALJ accorded moderate weight to Dr. Smith's medical opinion in that it was "consistent with the clinical evidence and the [Plaintiff's] treatment history." In particular, Dr. Smith's medical opinion advised Plaintiff to avoid concentrated exposure to "fumes, odors, dusts, gases, poor ventilation, etc."[41] In accordance with Dr. Smith's opinion evidence, the ALJ found that the medical evidence supports Plaintiff having only a moderate limitation to pulmonary

---

[36] ECF No. 10-2, at 20.
[37] Id.
[38] Id.
[39] Id.
[40] Id.
[41] ECF No. 10-3, Exhibit 1A, at 7.

irritants in a work setting, not an absolute requirement to avoid all irritants as Plaintiff contends.[42]

In distinguishing the weight she accorded to the relevant medical opinions, the ALJ properly explained her reasons for doing so.[43] While Dr. Smith was a non-examining physician, the ALJ concluded Dr. Smith's medical opinion was most consistent with both the clinical evidence and treatment history.[44] As such, the ALJ properly based her finding that Plaintiff "must avoid moderate exposure to . . . fumes, odors, dusts, gases and poor ventilation" on substantial evidence;[45] as the ALJ reasoned, the relevant evidence does not support Dr. Wiegand's absolute restriction from pulmonary irritants. I conclude that the ALJ properly based her decision on substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, I find that the ALJ's decision to deny Plaintiff social security benefits was supported by substantial evidence. Accordingly, I find

---

[42] *Id.* at 21. Plaintiff mistakenly contends that Dr. Wiegand's medical opinion prohibits any exposure to perfumes. Dr. Wiegand's handwritten restrictions, however, only limit Plaintiff from "strong perfumes." Such a description does not categorically limit Plaintiff from being exposed to "light" or "subtle" smelling perfumes. I acknowledge that Plaintiff's asthma restricts her in some capacity, but "strong perfumes" presumably would negatively affect much of the population and cause pulmonary irritation – an irritation we all endure in such an instance.

[43] *See Plummer*, 186 F.3d at 429.

[44] *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (stating that even if the Court would have "decided the factual inquiry differently," it is not the Court's prerogative to set aside the ALJ's decision so long as it is based on substantial evidence).

[45] ECF No. 10-2, at 18.

no reason to disturb Magistrate Judge Carlson's May 17, 2017 Report and Recommendation, which shall be adopted in full.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge